**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA JOYCE HOLBERT,

Plaintiff - Appellant,

v.

CITY OF COLORADO SPRINGS;
FIRST TRANSIT, INC.,

Defendants - Appellees,

and

JOHN DOE,

Defendant.

No. 12-1378

D. Colorado

(D.C. No. 1:12-CV-00174-MSK-BNB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Linda Holbert appeals the district court's order dismissing her complaint for lack of subject matter jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court affirms the district court's order.

Before reaching the merits, this court must resolve Appellees' jurisdictional challenge. Appellees assert this court lacks appellate jurisdiction over the great majority of Holbert's arguments because she designated only one issue in her notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B). As they recognize, however, we are entitled to look to the entire body of a Holbert's pro se filings to determine the issues she manifested an intent to appeal. *Foman v. Davis*, 371 U.S. 178, 229 (1962). Here, those filings, considered *in toto*, make clear the issues she seeks to raise. Appellees nevertheless assert this court should not rely on appellate documents filed after the time set out for filing a notice of appeal in Fed. R. App. P. 4 because doing so would allow Holbert to, in essence, file additional, untimely notices of appeal. These concerns have no application to this particular case. The docket reveals the district court never entered a separate judgment as required by Fed. R. Civ. P. 58(a). Thus, each of Holbert's appellate filings could constitute timely, albeit misdirected, notices of appeal under the time frames set out in Rule 58(c)(2)(B). *See* Fed. R. App. P. 4(d) (regarding misdirected notices

-2-

of appeal).  Thus, under the very unique facts of this case, this court has appellate jurisdiction over each of the various issues set out in Holbert's appellate brief.

Having resolved the extent of this court's appellate jurisdiction, the merits of Holbert's appeal can be resolved in short order.  Holbert was apparently injured while exiting a public bus in Colorado Springs, Colorado.  Holbert sued Colorado Springs and others.  The district court dismissed Holbert's complaint, concluding it lacked federal question jurisdiction over Holbert's state-law tort claims.  On appeal, Holbert challenges numerous aspects, both procedural and substantive, of the district court's order of dismissal.  Having reviewed the entire record in this case, this court finds no hint of reversible error.  Accordingly, the order of dismissal entered by the United States District Court for the District of Colorado is hereby **affirmed**.  All of Holbert's pending motions are hereby **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge